Matter of Anonymous (2019 NY Slip Op 03435)





Matter of Anonymous


2019 NY Slip Op 03435


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: May 2, 2019
[*1]
In the Matter of ANONYMOUS, an Applicant for Admission to Practice as an Attorney and Counselor-at-Law.

Calendar Date: April 4, 2019

Before: Garry, P.J., Lynch, Aarons, Rumsey and Pritzker, JJ.




MEMORANDUM AND ORDER
Per Curiam.
Applicant, who is 29 years old, recently moved to California from New Jersey, where he passed the Uniform Bar Exam in February 2017 and submitted an application for admission to practice law. Applicant withdrew that application shortly after a hearing into his character and fitness was conducted by the New Jersey Committee on Character.
Applicant transferred his Uniform Bar Examination score to New York and the State Board of Law Examiners certified him for admission to this Court (see Rules of Court Appeals [22 NYCRR]
§ 520.7). After conducting a hearing, this Court's Committee on Character and Fitness issued a decision recommending disapproval of the application. Applicant now petitions this Court for an order granting his application for admission to practice notwithstanding the Committee's decision (see Rules of App Div, 3d Dept [22 NYCRR] § 805.1 [m]).
Applicant enrolled in one law school in the fall of 2012 and transferred to another law school following the spring 2013 semester; he was accused of honor code violations involving similar conduct at both schools. During his hearing in New Jersey, applicant gave sworn testimony related to the earlier honor code allegation that was inconsistent with documentation submitted with the application for admission to practice filed in this Court. The matter was addressed at the hearing held here, and this Court's Committee on Character and Fitness concluded that applicant testified falsely in New Jersey. We agree with that conclusion. The second honor code allegation arose after applicant requested and was granted permission to reschedule a final exam. Applicant admitted here that the reason underlying his request was a lie, contributing to the Committee's determination that he lacks candor. 
Under the circumstances presented, including our review of applicant's entire application,[FN1] we are not satisfied that he possesses the character and general fitness requisite for [*2]an attorney and counselor-at-law (see Judiciary Law § 90 [1] [a]; see generally Matter of Anonymous, 119 AD3d 1069 [2014]; Matter of Anonymous, 73 AD3d 1331 [2010]), and we thus decline to disturb the Committee's decision. 
Garry P.J., Lynch, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the petition is denied.


Footnotes

Footnote 1: An honor code investigator at applicant's first law school concluded that there was "reason to believe" a violation occurred, but the matter was dropped following applicant's transfer. At the second law school, a conduct code council held a hearing and concluded, on the basis of clear and convincing evidence, that applicant had violated a rule prohibiting "other forms of cheating." Although an appellate panel believed the evidence supported a finding that applicant "did, in fact, access prohibited material," it nonetheless determined that the clear and convincing evidence standard had not been met and it reversed.